## AGREEMENT OF REFERENCE TO ARBITRATION

This Agreement of Reference To Arbitration ("Agreement") is effective this 29th day of May, 2002, by and between Smith International, Inc., and/or Ryan Energy Technologies USA, Inc., of which Wilson Downhole Services is a wholly owned operating unit ("Wilson"), and U. S. Steel Mining Company, LLC ("USM").

WHEREAS, this Agreement is made and is agreed upon by and between the parties for the purpose of effecting complete and final adjudication of the contract dispute between them, subject to the terms and conditions set forth herein, and for the purpose of withdrawal of all claims and counterclaims filed by Wilson and the declaratory judgment action initiated by USM with respect to that dispute at Civil Action No. 00-1758 in the United States District Court for the Western District of Pennsylvania (hereinafter the "Court" or "Court in the Pennsylvania Action"), which action is captioned *U. S. Steel Mining Company, LLC v. Wilson Downhole Services*. The action shall be referred to herein as the "Pennsylvania Action."

WHEREAS, in the Pennsylvania Action Wilson asserts a counterclaim against USM for damages in the amount of Two Hundred Twenty-Seven Thousand Nine Hundred Twenty-Five ($227,925.00) Dollars, plus interest, for drilling services rendered to USM at USM's Pinnacle Mine in or about 1997. A related action was filed by Wilson at Civil Action No. 00-G-2804-S in the United States District Court for the Northern



EXHIBIT A

District of Alabama, which action is captioned *Wilson Downhole Services v. U. S. Steel Mining Company.*

NOW, THEREFORE, in consideration of the mutual covenants set forth herein, and intending to be legally bound, the parties promise and agree as follows.

1. USM and Wilson agree to refer their dispute to one (1) arbitrator, who shall be selected by mutual agreement of the parties. Selection shall be made and agreed upon in writing, and the person so selected shall agree in writing to serve as arbitrator, within thirty (30) days of receipt by USM's counsel of the fully-executed Agreement from Wilson. The parties shall establish and agree in writing upon the amount of the arbitrator's compensation, which shall be divided equally between the parties. In the event that the parties do not select an arbitrator, or no arbitrator selected by the parties accepts the appointment in this thirty-day period (appointment and acceptance hereinafter referred to as "Arbitrator's Appointment"), for any reason, the parties shall submit a Joint Petition for Appointment of Arbitrator promptly to the Court in the Pennsylvania Action. The Court shall make such appointment in the Court's exclusive discretion and in that manner deemed appropriate by the Court.

2. All decisions of the arbitrator, including without limitation pre-hearing procedural decisions, evidentiary decisions and the final decision and award (the final decision and award hereinafter referred to as the "Award"), shall be made by the arbitrator. Arbitration shall be conducted in accordance with the Federal Rules of Civil

Procedure and the Federal Rules of Evidence in effect at the time this Agreement is executed. No Local Rules of a United States District Court shall apply or be relied upon by the parties or by the arbitrator.

3. Immediately upon the execution of this Agreement by the representatives of both parties, the parties shall present a Consent Order to the Court for the purpose of referring to arbitration all claims and counterclaims that have been plead, or could have been plead, in the Pennsylvania Action pursuant to this Agreement and the Federal Arbitration Act (the "FAA", 9 U.S.C. §§1, et seq.). The Court in the Pennsylvania Action shall retain jurisdiction of this matter for purposes consistent with this Agreement and the FAA. Notwithstanding the continuing jurisdiction of the Court as provided herein, the Award shall be final and binding upon both parties, and their predecessors, successors, subsidiaries, units and assigns. Any appeal from the Award shall be made to the Court and shall be limited to cases in which (a) the Award was procured by corruption, fraud or undue means, (b) there was evident partiality or corruption in the arbitrator, or (3) the arbitrator failed to disclose any fact required by paragraph 3 herein to be disclosed. Each party expressly waives any appeal pursuant to grounds provided for in the FAA, except for the grounds specifically set forth above.

4. Prior to the Arbitrator's Appointment, the arbitrator shall disclose to the parties in writing any financial, fiduciary, family or other relationship between the arbitrator and either party or its counsel, or between the arbitrator and any individual or entity with any financial, fiduciary, family or other relationship with any party. Either

party may challenge the Arbitrator's Appointment or continued service of the arbitrator for lack of independence, impartiality or any other cause likely to impair the arbitrator's ability to render a fair and equitable decision by promptly filing a challenge in the Court, with a copy of the challenge and all supporting pleadings to be served simultaneously upon the arbitrator and the other party. The Court shall have sole discretion to uphold or dismiss the challenge. The Court's decision on the challenge shall be final and non-appealable. Further, the arbitrator may be removed at any time without approval of the Court upon mutual agreement of the Parties.

5. Each party shall be responsible for its own legal fees and expenses regarding the controversy, including by way of example and without limitation, pre-arbitration litigation, arbitration of the dispute and any discovery conducted in connection with federal court actions in Texas, Alabama or Pennsylvania. The parties agree that they each shall be responsible for one-half of the fees and itemized out-of-pocket expenses of the arbitrator, as well as any costs associated with the conduct of the arbitration.

6. USM and Wilson agree that the parties shall be permitted to conduct discovery prior to submitting their respective proofs to the arbitrator. The discovery period shall begin on the day following the Arbitrator's Appointment, as documented in writing, or appointment by Order of the Court, and shall end one hundred twenty (120) days from that date.

7. Discovery shall be conducted pursuant to the Federal Rules of Procedure and the Federal Rules of Evidence. The parties by mutual agreement and stipulation may submit depositions, in whole or part, for use at the arbitration hearing in lieu of live testimony. All discovery disputes and issues shall be submitted to and determined by the arbitrator, whose decision shall be final and non-appealable.

8. Within sixty (60) days of the end of the discovery period, Wilson shall file its expert report or, alternatively, notify USM in writing that no expert report will be filed by Wilson. For purpose of this Agreement, 'file' or 'filing' shall mean submission of the expert report to both the arbitrator and the other party and actual receipt thereof by the arbitrator and the other party. Within sixty (60) days of Wilson's filing, or written notification that no report will be filed, USM shall file its expert report or notify Wilson in writing that no expert report will be filed by USM. USM may file an expert report and present expert testimony, regardless of Wilson's decision regarding expert testimony or Wilson's failure to identify its expert witness. In the event that USM does file an expert report, Wilson shall be permitted to file a rebuttal expert report within sixty (60) days of the date of the filing of USM's report or, alternatively, shall notify USM in writing that no rebuttal expert report will be filed by Wilson. Within thirty (30) days following the filing of Wilson's rebuttal expert report or, if Wilson does not file a rebuttal expert report, within thirty (30) days of receipt by USM of Wilson's written notification that no rebuttal expert report will be filed, both parties shall file simultaneously and exchange Pre-Hearing Statements and pre-marked hearing exhibits. The testimony of any witness not so identified or exhibit not so exchanged shall be inadmissible for any

purpose at the arbitration hearing, regardless of when or for what purpose offered in the hearing.

9.  Thirty (30) days following filing and exchange of Pre-Hearing Statements and hearing exhibits by and between the parties, or as ordered by the arbitrator, but in no event sooner than thirty days following such filing and exchange, the arbitration hearing shall commence before a single arbitrator in Atlanta, Georgia, at that office or other site in or near Atlanta selected and mutually agreed upon by the parties. Failing agreement by the parties on a specific office or site for conduct of the hearing, the arbitrator shall determine and advise the parties of the hearing site. The parties shall respond to the arbitrator's request for specific hearing dates in a timely manner and shall cooperate fully in the scheduling and conduct of the arbitration.

10. The arbitrator may postpone any hearing upon agreement of the parties, upon request of a party for good cause shown, or upon the arbitrator's own initiative.

11. The arbitrator, in his or her discretion, shall conduct the proceedings with a view to expediting the resolution of the dispute and may direct the order of proof, bifurcate proceedings and direct the parties to focus their presentations on issues the adjudication of which would tend, in the arbitrator's opinion, to dispose of all or part of the case.

12. The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute. The arbitrator shall determine the admissibility, relevance and materiality of the evidence offered, and may exclude evidence deemed by the arbitrator to be cumulative or irrelevant, or which does not conform to the requirements of this Agreement or to the Federal Rules of Evidence.

13. As set forth in the contract between the parties governing Wilson's drilling services and the respective rights and obligations of the parties, the substantive law of the State of West Virginia shall govern the legal interpretations and decisions of the arbitrator.

14. USM and Smith International, Inc., and/or Ryan Energy Technologies USA, Inc., for themselves and their units, subsidiaries, predecessors, successors and assigns, agree to abide by and perform any Award rendered hereunder within ninety (90) days of the entry of such Award, including without limitation, payment of a monetary award. If performance is not rendered timely and voluntarily, a judgment may be entered upon the Award in the Court and enforced by the Court or by another court of competent jurisdiction upon transfer of the judgment for purpose of enforcement of the judgment. Any Award or decision, shall be in a writing signed by the arbitrator stating the reasons upon which the Award or decision is based and offering sufficient explanation of the Award or decision and the arbitrator's reasoning for such Award or decision. In the arbitrator's exclusive discretion, the final Award of the arbitrator may,

but need not be, accompanied by separate findings of fact or conclusions of law. The arbitrator shall render the Award on the merits of the claims and defenses within sixty (60) days of the conclusion of the arbitration hearing, unless an extension is requested by the arbitrator and granted by mutual agreement of the parties. The Award shall be based solely on the evidence presented and on the substantive law of West Virginia as applicable to the claims and defenses of the parties.

15. Immediately upon the execution of this Agreement, Wilson shall dismiss with prejudice the action commenced at Civil Action No. 00-G-2804-S in the United States District Court for the Northern District of Alabama, which action is captioned *Wilson Downhole Services v. U. S. Steel Mining Company.*

16. USM and Wilson agree that the arbitration Award shall be maintained in strict confidence by both parties and their representatives.

IN WITNESS WHEREOF, the parties, by their duly authorized representatives, have set their hands and seals on the dates below written.

| Smith International, Inc. and/or Ryan Energy Technologies USA, Inc. | U. S. Steel Mining Company, LLC |
|---|---|
| By _____ | By *William K Schlaupf* |
| Title _____ | Title Director of Purchasing |
| Date _____ | Date May 15, 2002 |

but need not be, accompanied by separate findings of fact or conclusions of law. The arbitrator shall render the Award on the merits of the claims and defenses within sixty (60) days of the conclusion of the arbitration hearing, unless an extension is requested by the arbitrator and granted by mutual agreement of the parties. The Award shall be based solely on the evidence presented and on the substantive law of West Virginia as applicable to the claims and defenses of the parties.

15. Immediately upon the execution of this Agreement, Wilson shall dismiss with prejudice the action commenced at Civil Action No. 00-G-2804-S in the United States District Court for the Northern District of Alabama, which action is captioned *Wilson Downhole Services v. U. S. Steel Mining Company*.

16. USM and Wilson agree that the arbitration Award shall be maintained in strict confidence by both parties and their representatives.

IN WITNESS WHEREOF, the parties, by their duly authorized representatives, have set their hands and seals on the dates below written.

| Smith International, Inc. and/or Ryan Energy Technologies USA, Inc. | U. S. Steel Mining Company, LLC |
|---|---|
| By _William M. Cline_ | By _William K Schlaupf_ |
| Title _Assistant Secretary_ | Title _Director of Purchasing_ |
| Date _May 29, 2002_ | Date _May 15, 2002_ |

8