IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. STEEL MINING COMPANY, L.L.C., | Civil Action No. 00-1758 |
| Plaintiff | |
| | Judge Terrence F. McVerry |
| v. | |
| WILSON DOWNHOLE SERVICES, | |
| Defendant | |

**WILSON DOWNHOLE'S CONSOLIDATED RESPONSE TO U.S. STEEL'S PETITION TO VACATE ARBITRATION AWARD AND REPLY BRIEF TO PETITIONER'S RESPONSE IN OPPOSITION TO MOTION TO CONFIRM ARBITRATION AWARD**

Wilson Downhole Services ("Wilson"), Defendant, files this consolidated response to U.S. Steel Mining Company, LLC's ("USM") petition to vacate arbitration award and reply to USM's response to Wilson's original motion to confirm arbitration award, and for cause, would show the Court the following:

### Undisputed Facts

Related to a dispute that goes back to 1998, this is a proceeding to confirm an arbitration award issued on March 10, 2006. On May 29, 2002, the parties entered into the Agreement of Reference to Arbitration ("Arbitration Agreement") submitting all of their claims to arbitration. *See* Wilson's Motion to Confirm, at Exhibit A. The Arbitration Agreement provides as follows:

- "The Court in the Pennsylvania Action shall retain jurisdiction of this matter for purposes consistent with this Agreement and the FAA." *Id.*

- "Any appeal from the award . . . shall be limited to cases in which (a) the Award was procured by corruption, fraud or undue means, (b) there was evident partiality or corruption in the arbitrator, or (3) [sic] the arbitrator failed to disclose any fact required by paragraph 3 herein to be disclosed. Each party expressly waives any

appeal pursuant to grounds provided for in the FAA, except for the grounds specifically set forth above." *Id.*

- "USM . . . agree[s] to abide by and perform any Award rendered hereunder within ninety (90) days of the entry of such Award, including without limitation, payment of a monetary award." *Id.*

On June 18, 2002, this Court ordered proceedings stayed pending arbitration. *See id.* at Exhibit B. The Court's order states that the Court shall retain jurisdiction for purposes of the Federal Arbitration Act. *Id.*

On January 13, 2006, Wilson and USM entered into an Amendment to Agreement of Reference to Arbitration ("Amendment"). *See* USM's Petition to Vacate at Exhibit C. By the agreement of the parties, the Amendment amended the Arbitration Agreement and provided for binding mediation/baseball arbitration. *Id.* Relevant portions of the Amendment are as follows:

- The parties agreed that Harry L. Griffin would serve as both mediator <u>and</u> arbitrator with regard to their dispute. *Id.* at ¶ 1.A.

- The parties agreed to mediate on January 18-19, 2006 in Atlanta, Georgia. *Id.* at ¶1.B.

- The parties agreed to bring or have available at the mediation "at least one person with knowledge (as opposed to a principal of a Party)." *Id.* at ¶ 1.C.

- The parties agreed that if the case failed to settle during mediation and had not settled by January 27, 2006, then a "baseball arbitration" would commence, wherein each party would "communicate its final and best settlement offer to the Arbitrator," and the arbitrator would then be required to choose one of the two numbers provided. *Id.* at ¶1.D.

- The parties agreed that within ten days after receiving the parties' respective "final and best" offers, the arbitrator "would select that offer he deems fair and just based on all information and evidence within his possession or provided by the Parties." *Id.*

- The parties agreed that "[t]he Arbitrator's decision shall be final and unappealable." *Id.*

- The Amendment specifically stated that "[t]he Parties anticipate that *ex parte* communications with the Arbitrator will occur during the course of the mediation.

2

The Parties agree that the Arbitrator, in evaluating each Party's best and final offer, may rely on any information he deems relevant, whether obtained in an *ex parte* communication or otherwise, in making the final Award." *Id.* at ¶1.F.

- "The Parties affirm that they have entered into this Amendment, and the mediation and arbitration provided for herein, voluntarily, knowingly, and after full opportunity for consultation with legal counsel of their choosing." *Id.* at ¶ 3.

- "The Agreement of Reference to Arbitration dated May 29, 2002, is hereby ratified and confirmed and shall remain in full force and effect except as otherwise provided for and modified in and by this Amendment." *Id.* at ¶ 4.

The mediation was unsuccessful. *See* USM's Petition, at ¶ 11. On or about January 27, 2006, the parties submitted their respective "best and final" offers in accordance with the baseball arbitration provision of the Amendment. *Id.* On March 10, 2006, the arbitrator issued its Award selecting Smith's offer and awarding Wilson damages in the amount of $294,333.52. *Id.* at 12. On March 29, 2006, in response to a request by USM counsel, the arbitrator delivered a letter setting forth "some" of the factors he considered in making the Award. *Id.* at ¶ 14.

### Argument & Authorities

**A.     Wilson is entitled to confirmation of the Award.**

The policy of the FAA and the federal courts in applying it is to encourage arbitration and uphold awards whenever they may justly be upheld. *Sociedad Armadora Aristomenis Panama, S.A. v. Tri-Coast S.S. Co.*, 184 F.Supp. 738 (S.D.N.Y. 1960). So as to not frustrate the purpose of arbitration--the avoidance of litigation--a court's function in confirming or vacating an arbitration award is severely limited. *Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*, 274 F.2d 805 (2d Cir. 1960). Maximum deference is owed to the arbitrator's decision, and, a federal court's powers of review "have been described as among the narrowest known to law." *Denver & Rio Grande Western Railroad Co. v. Union Pacific Railroad Co.*, 119

3

F.3d 847, 849 (10th Cir.1997) (internal quotations omitted). A proceeding to confirm an arbitration award is intended to be summary. *Taylor v. Nelson*, 788 F.2d 220 (4th Cir. 1986).

Embodying these principles, Section 9 of the FAA provides as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. . . .

Here, it is undisputed that Wilson and USM agreed that if the losing party in the arbitration failed to pay or otherwise perform under the Award, then a judgment may be entered by the Court. *See* Wilson's Motion, at Exhibit A, ¶ 14. Wilson filed its Motion to Confirm within one year of the making of the award. *Id.* at Exhibit C. Thus, Wilson has met its burden, and the Court is obligated to confirm the Award, unless USM shows that it is entitled to vacatur. *See Conoco, Inc. v. Chemical & Atomic Workers Intern. Union*, 26 F.Supp. 2d 1310 (N.D. Okla. 1998) (noting that the party attacking the arbitration award has the burden of showing that the award should be vacated).

**B.     USM's Motion to Vacate is Untimely.**

USM requests vacatur of the Award pursuant to 9 U.S.C. §10. *See* USM's Petition to Vacate, at first paragraph (unnumbered). Initially, USM is precluded from seeking a vacatur or otherwise objecting to the Award because it failed to raise any complaint within the three-month limitations period provided for in 9 U.S.C. §12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").

Here, the Award was issued and delivered on March 10, 2006.[1] USM did not file its Petition to Vacate until July 3, 2006. A party is precluded from asserting defenses, **even as objections**, to an award after the expiration of the time prescribed by 9 U.S.C. §12; *Eichleay Corp. v. International Ass'n of Bridge, Structural and Ornamental Iron Workers*, 944 F.2d 1047, 1060, (3rd Cir. 1991); *Service Employees Int'l Union, Local No. 36, AFL-CIO v. Office Center Services, Inc.*, 670 F.2d 404, 412 (3d Cir.1982); *Metropolitan Dist. Council of Philadelphia and Vicnity v. Thompson*, 1993 WL 137464, *2 (E.D.Pa. 1993); *see also Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir.1984) (holding that a party's "failure to move to vacate the award within the three month time provided [by section 12] precludes him from later seeking that relief when a motion is made to confirm the award"); *Professional Administrators Ltd. v. Kopper-Glo Fuel, Inc.*, 819 F.2d 639, 642 (6th Cir.1987) (same); *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) (same).

If USM wished to contest or complain about the Award in any respect, it was required to do so within the three-month time frame set forth in 9 U.S.C. §12. It is undisputed that it did not do so. Given USM's failure to timely seek relief from the Award, it may not seek to vacate the Award in this Court.

C.  **USM's Unsubstantiated Objections are Insufficient to Warrant Vacatur of the Award.**

By default, the FAA provides for vacatur of an arbitration award only in extremely limited circumstances. 9 U.S.C. §10. However, in this case, the parties went even further and more narrowly restricted the scope of the Court's review solely to "cases in which (a) the Award was procured by corruption, fraud or undue means, (b) there was evident partiality or corruption in the arbitrator, or (3) [sic] the arbitrator failed to disclose any fact required by paragraph 3

---

[1] Even if USM contends that the Award was not made until the arbitrator issued the March 29, 2006 letter, more than three months has nevertheless lapsed before this time and when USM filed its petition to vacate.

herein to be disclosed."[2] Additionally, the Agreement provided that "[e]ach party expressly waives any appeal pursuant to grounds provided for in the FAA, except for the grounds specifically set forth above."

Parties are free to modify the standard of judicial review set forth in the FAA. *See Roadway Package System, Inc. v. Kayser*, 257 F.3d 287 (3d Cir. 2001) ("We now join with the great weight of authority and hold that parties may opt out of the FAA's off-the-rack vacatur standards and fashion their own . . . ."). Clauses modifying the scope of the review of an arbitration award are acceptable because arbitration is a creature of contract and must be conducted in accordance with the parties' agreement. *Gateway Technologies, Inc. v. MCI Telecommunications Corp.*, 64 F.3d 993, 996-97 (5th Cir. 1995). Enforcement of arbitration clauses providing for modified judicial review promotes the strong federal policy in favor of arbitration. *See id.* at 997.

USM's Petition to Vacate is brought in bad faith and ignores the express language of the Agreement and seeks vacatur on grounds other than those agreed to by the parties and that are, in any event, otherwise unrecognized. It is fundamental that arbitration awards may not be set aside upon the grounds of mistakes of fact, errors of law or inadequate reasoning. *Refino v. Feuer Transp., Inc.*, 480 F.Supp. 562 (S.D.N.Y. 1979). For example, in paragraph 28, USM complains that the arbitrator unreasonably failed to recognize and apply a proper standard of proof. In paragraph 29, USM complains that the arbitrator committed a "manifest error of law." In paragraph 30, USM complains that the Award was irrational. In paragraphs 32, 36 and 37-39, USM complains of the sufficiency of the evidence. In paragraph 47, USM complains that the

---

[2] Of these grounds provided for in the Agreement, USM does **not** seek vacatur based on evident partiality or corruption in the arbitrator or any nondisclosure by the arbitrator. Thus, the only other potential grounds upon which USM could complain is that the Award was procured by "corruption, fraud or undue means," and USM does **not** legitimately claim any of these three grounds either.

6

Award is "manifestly irrational and prejudicial." USM provides no authority for vacatur on these ostensible grounds, and, as noted, doing so would require the Court to ignore the parties' Agreement regarding the Court's limited scope of review.

USM concludes its Petition by setting forth a laundry list of "general objections" as bases for setting aside the Award without any citation to the record or evidence admitted during the arbitration, including the following:

- the Award was without any rational basis and, therefore, is arbitrary and capricious (USM's Petition, at ¶ 48);

- the Award did not draw its essence from the arbitration agreement (*Id.* at ¶ 49);

- the arbitration deviated materially from that bargained for by USM (*Id.* at ¶ 50);

- the Award did not draw its essence from the documents submitted in the arbitration (*Id.* at ¶ 51);

- the arbitrator improperly gave weight to testimony over documents (*Id.* at ¶ 52);

- the arbitrator improperly considered communications made by Wilson's representatives during the arbitration (*Id.* at ¶ 53);

- the arbitrator disregarded the nature and limits of acceptable evidence (*Id.* at ¶ 54);

- the arbitrator failed to apply the proper standards of proof (*Id.* at ¶ 55);

- the arbitration and the Award were the product of manifest legal error, procedural corruption and undue means (*Id.* at ¶ 56); and

- USM has been denied due process (*Id.* at ¶ 57).

USM provides no explanation or authority showing why or how these unsubstantiated allegations would allow the Court to vacate the Award. In any event, the vast majority of these objections are plainly not bases for vacating the Award under the FAA, much less pursuant to the more

HOUSTON 888252v1

restrictive scope of review agreed to by the parties. These unsupported and unsubstantiated allegations of USM's counsel in the petition to vacate are insufficient, as a matter of law, to warrant vacatur.

With respect to USM's averments that might possibly be considered an allegation of "corruption, fraud or undue means," its vague contentions, even if true (which they are not) and even if supported by any evidence (which they are not), nevertheless fail to rise to the level of misconduct required to justify vacatur of the Award. "[C]ourts must be slow to vacate an arbitral award on the ground of fraud.'" *Foster v. Turley*, 808 F.2d 38, 42 (10th Cir.1986) (quoting *Dogherra v. Safeway Stores, Inc.*, 679 F.2d 1293, 1297 (9th Cir.1982)). "The party asserting fraud must establish it by **clear and convincing evidence**, and **must show** that due diligence could not have resulted in discovery of the fraud prior to arbitration." *Id.* (emphases added); *see also Gingiss International, Inc. v. Bormet*, 58 F.3d 328, 333 (7th Cir.1995) (stating that the attacking party must demonstrate that fraud or undue means was (1) not discoverable upon exercise of due diligence prior to arbitration, (2) materially related to an issue in arbitration, and (3) established by clear and convincing evidence); *Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1383 (11th Cir.1988) (same). Further, "undue means" connotes behavior that is immoral, if not illegal. *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir.1992). The test for determining whether the award was procured by fraud has been held to apply to cases raising claims of "undue means." *Id.* at 1404. Finally, there must be a nexus between the alleged fraud and the basis for the arbitrator's award, since the FAA provision that the parties provided for in the Agreement "does not provide for vacatur in the event of any fraudulent conduct, but only 'where the award was procured by corruption, fraud, or undue means.'" *Forsythe International, S.A. v. Gibbs Oil Co. of Texas*, 915 F.2d 1017, 1022 (5th Cir.1990).

8

"The requisite nexus may exist where fraud prevents the [arbitrator] from considering a significant issue to which [he] does not otherwise enjoy access." *Id.* Again, USM's vague and unsupported allegations are patently insufficient.

Lastly, with regard to USM's complaint of purported "secretive" conduct, it conveniently ignores the plain language of the Amendment, which provides:

> The Parties **anticipate** that *ex parte* communications with the Arbitrator will occur during the course of the mediation. The Parties agree that the Arbitrator, in evaluating each Party's best and final offer, **may rely on any information he deems relevant, whether obtained in an** *ex parte* **communication or otherwise**, in making the final Award

*See* USM's Petition to Vacate, at Exhibit C, ¶ 1.F (emphases added).

### Conclusion

USM's complaints regarding Wilson's motion to confirm are untimely, and, in any event, constitute nothing more substantial than sour grapes, and they are contrary to its contractual obligations and made in bad faith. For the foregoing reasons, Wilson requests that the Court confirm the Award in all respects and enter final judgment thereon.

### Prayer

WHEREFORE, Defendant, Wilson Downhole Services, respectfully requests that this Court enter judgment confirming the arbitrator's rulings and the award and enter final judgment, and that this Defendant have such other and further relief, either at law or in equity, general or special, to which it may be justly entitled.

HOUSTON 888252v1

Respectfully submitted,

GARDERE WYNNE SEWELL LLP


By: _____/s/ Geoffrey H. Bracken_____
    Geoffrey H. Bracken
    State Bar No. 02809750
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
713-276-5739 (*telephone*)
713-276-6739 (*facsimile*)

ATTORNEYS FOR DEFENDANT,
WILSON DOWNHOLE SERVICES


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded by certified mail, return receipt requested, on this 21st day of July, 2006 on the following parties:

Albert J. Zangrilli, Jr.
Yukevich, Marchetti, Liekar & Zangrilli, P.C.
11 Stanwix Street, Suite 1024
Pittsburgh, PA 15222-1324

Anthony F. Jeselnik
USX Tower, Fifteenth Floor
Pittsburgh, PA 15219

                                     _____/s/ Geoffrey H. Bracken_____
                                     Geoffrey H. Bracken

HOUSTON 888252v1