IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

U.S. STEEL MINING COMPANY, LLC,

Plaintiff

v.

WILSON DOWNHOLE SERVICES,

Defendant

No. 00 CV 1758

Terrence F. McVerry
District Judge

## AFFIDAVIT IN SUPPORT OF PETITION TO VACATE AWARD

I, Anthony F. Jeselnik, having been first duly sworn according to law,
state as follows:

1. I am an attorney for United States Steel Corporation, and was co-counsel with
Albert J. Zangrilli, Jr. in the January 18 and 19, 2006 mediation – arbitration proceeding
between U.S. Steel Mining Company, LLC ("USM") and Wilson Downhole Services
("Wilson Downhole").

2. By letter of March 20, 2006 [Exhibit H to Petition], I requested that Harry L.
Griffin, Jr. ("Mr. Griffin"), explain his selection of Wilson Downhole's offer.

3. I received Mr. Griffin's March 29, 2006 First Class letter [Exhibit I to Petition], in
which he offered his explanation and by which he issued an Award, on Monday, April 3,
2006.

4. Information in support of the parties' positions in the dual mediation – arbitration
proceeding was presented by the parties in a Joint Exhibit Book, consisting 47 exhibits and

including Paul Conti's February 2, 1999 letter ("Conti letter"). The Conti letter was Exhibit 25 in the Joint Exhibit Book and is submitted with this Affidavit as Exhibit J.

5. There was no document in the Joint Exhibit Book regarding unpaid subcontractor costs or other costs of performance allegedly remaining unpaid, or Wilson Downhole's profit margin or the insufficiency or unfairness of its profit.

6. The deposition testimony of Paul Conti or Mary Ann Black did not describe unpaid subcontractor costs or other costs or performance, or Wilson Downhole's profit margin or the insufficiency or unfairness of its profit, or assert a claim to costs or additional profit.

7. There was no reference in the Conti letter to unpaid subcontractor costs or other costs or performance allegedly remaining unpaid, or to Wilson Downhole's profit margin or the insufficiency or unfairness of its profit.

8. There was no statement to USM, or any information provided to USM, by Paul Conti, Mary Ann Black or Wilson Downhole's counsel at the mediation that USM had not paid subcontractor costs or any costs of Wilson Downhole's performance.

9. There was no statement or indication to USM by Mr. Griffin in the course of the mediation that Wilson Downhole alleged that USM had not paid subcontractor costs or any costs of Wilson Downhole's performance, or that Wilson Downhole's profit margin was at issue.

10. There was no statement or indication to USM by Mr. Griffin in the course of the mediation that he would rely on cost or profit factors in deciding USM's liability and the amount of money owed by USM to Wilson Downhole.

11. No testimony was offered by either party at mediation, and there was no examination or cross-examination of any representative of either party by counsel or by Mr. Griffin in 'joint session.'

12. USM representatives, Robert Hartlaub and David Trader, were asked no questions and gave no information to Mr. Griffin in joint session or in private session with Mr. Griffin.

13. There was no statement or indication to USM by Mr. Griffin in the course of the mediation that he had made, or would make, a credibility determination.

14. Wilson Downhole's complaint claimed that USM owed an additional $227,924.73 for drilling services. Subsequently, the Conti letter claimed that $165,821.70 was due from USM. At the beginning of the mediation, Wilson Downhole demanded payment from USM exceeding $700,000. At the end of the mediation, Wilson Downhole demanded $480,000 to settle its claim.

Anthony F. Jeselnik, Esquire
Pa. I.D. 20650

County of Allegheny              :

Commonwealth of Pennsylvania  :

     Before me, the undersigned Notary Public in and for said County and Commonwealth, personally appeared Anthony F. Jeselnik, who being duly sworn according to law, signed this Affidavit on this 21st day of August, 2006, for the purposes therein contained.


                                      _____
                                      Notary Public


NOTARIAL SEAL
MARY MARGARET HUSSEY, NOTARY PUBLIC
PITTSBURGH, ALLEGHENY COUNTY
MY COMMISSION EXPIRES JUNE 2, 2007